## FARMER'S DISTRIBUTEES *vs.* FARMER'S ADM'R.

1. If an administrator, wishing to avoid the statutory requisition as to the payment of interest on the funds in his hands, makes affidavit that he always had on hand, or within his immediate control, a sum sufficient to pay the amount due "by him as administrator," but does not deny that he used the trust funds, he is chargeable with interest.—Clay's Digest, p. 198, § 28 ; Code, § 1813.

APPEAL from the Court of Probate of Marshall.

IN the matter of the final settlement of the estate of Sarah Farmer, deceased, by Isham H. Fennell, administrator.

The said administrator, wishing to discharge himself from the payment of interest on the funds which he had received, made the following affidavit :   " That he has always had on hand, or within his immediate control, a sum amply sufficient to pay the distributive shares of Freeland Farmer and Townsend Farmer ; that the other distributees were paid' off, at or before the same was received by affiant ; that he has always been ready and desirous to pay the distributive shares of the other two, and has always been ready to pay the same, but

neither of them ever applied for it, nor had any guardian been appointed to whom he could pay it, known to affiant. Affiant does not pretend, or allege, that he has kept separate and apart the identical money of said estate, but has always kept himself prepared to pay the amount, and sent word to an uncle of the minors to become their guardian, that he might pay their shares. There was, also, a space of two or three years that affiant expected some one to be appointed their guardian."

On this affidavit, the distributees of the estate.moved the court to charge the administrator with interest on the money which had come to his hands; but the court held the affidavit sufficient to discharge him from the payment of interest; to which ruling the distributees excepted, and they now assign it for error.

J. W. SHEPHERD, for the appellants.

LOUIS WYETH, *contra*.

GOLDTHWAITE, J.—We think the court erred, in fail-ing to charge the appellee with interest on the amount of money shown to be in his hands as administrator, from the time it was received by him. The effect of the act of 1828 (Clay's Digest, p. 198, § 28), and of the Code (§ 1813), is, to render an administrator *prima facie* liable for interest, unless he discharges himself by making the affidavit required.— King v. Cabiness, 12 Ala. R. 598 ; Hollis v. Caughman and Wife, 22 *ib.* 478. In the present case, the appellee does not deny that he used the funds, but seeks to avoid the effect of the statutory requisition, by making affidavit that "he always had on hand, or within his immediate control, a sum amply sufficient to pay" the amount due by him as administrator.— This might be the case, and still he may have used the trust funds.

Let the decree be reversed, and the cause remanded.